UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODESSA SMITH, on behalf of
Diana Angela Wells,

    Plaintiff,

                                         Case No. 11-10502
v.                                          Hon. Lawrence P. Zatkoff

DETROIT CITY SCHOOL DISTRICT,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 25, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted her complaint [dkt 1], application to proceed *in forma pauperis* [dkt 2], and application for appointment of counsel [dkt 3] on February 3, 2010.  For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and Plaintiff's application for appointment of counsel is DENIED.

**II.  ANALYSIS**

**A.  Application to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Review of Plaintiff's Comlpaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.  The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Construing Plaintiff's complaint liberally, the Court finds Plaintiff's complaint is not frivolous.

Plaintiff brings this action on behalf of Diana Angela Wells.  Plaintiff's complaint alleges that: (1) Diana was excluded from Defendant's school from February 5, 2009, to March 3, 2009, and was then improperly transferred to a different school; and (2) Defendant failed to complete a Behavior Intervention Plan ("BIP").  Plaintiff asserts that Defendant's actions violate the Individuals with Disabilities Education Act, ("IDEA") 20 U.S.C. § 1400, *et seq*.

According to the IDEA, a state that receives funding under the IDEA must provide a free appropriate public education to all students with qualifying disabilities. *Id.* at § 1412(1). To provide a free appropriate public education for a qualifying disabled student, an individualized education program ("IEP") is developed to assess the student's specific needs. *Id.* at §§ 1414(d), 1401(14). The IEP is developed through the combined cooperation of at least the student's parent, one regular education teacher, one special education teacher, and a local education agency representative who is qualified to provide or supervise the provision of special education services and who is knowledgeable about the general curriculum and the school district's resources. *Id.* at § 1414(d)(1)(B); 34 C.F.R. § 300.344(a)(4).  If a parent is dissatisfied with the child's IEP, the parent may seek an impartial due process hearing which is conducted by the state or local educational agency.  20 U.S.C. § 1415(f). Thereafter, "[a]ny party aggrieved by the findings and decision" of

the state administrative hearing may bring a civil action in a federal district court. *Id.* at § 1415(i)(2).

The Court finds that Plaintiff's complaint is not patently frivolous. First, Plaintiff alleges that Diana is a qualifying disabled student that is entitled to the protections under the IDEA. Second, Plaintiff alleges, as the guardian of Diana, Defendant did not allow her to participate in the IEP, which is required. And finally, attached to Plaintiff's complaint is a decision and order entered November 12, 2010, by an administrative law judge at the Michigan Department of Education. According to § 1415(i)(2), Plaintiff may file a civil action with this Court, which she has done. Therefore, the Court finds that Plaintiff's complaint is not frivolous.

### D. Plaintiff Proceeding *Pro Se* on Behalf of Another

As expressed by the caption and the pleadings in this case, Plaintiff is proceeding *pro se* on behalf of Diana Angela Wells. Although Fed. R. Civ. P. 17(c) permits a guardian to sue on a minor or incompetent person's behalf, it does not state that the guardian may act as legal counsel for the minor or incompetent person. *See Shepherd v. Wellman*, 313 F.3d 963, 970–971 (6th Cir. Ky. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (holding that parents may file complaints to enforce their own rights under the IDEA); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3d Cir. 1991)*; Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147 (7th Cir. 2001). Here, Plaintiff is not asserting her rights under the IDEA, but the rights of Diana Angela Wells, and nothing in the pleadings indicates that Plaintiff is an attorney. Therefore, the Court is allowing Plaintiff 60 days to resolve the issue that she is asserting the rights of Diana Angela Wells without proper legal counsel. If Plaintiff fails to remedy this issue then the Court may dismiss Plaintiff's claims without prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff has 60 days to resolve the issue that she is asserting the rights of Diana Angela Wells without proper legal counsel. If Plaintiff fails to resolve the issue at the end of 60 days, then the Court will dismiss Plaintiff's claims without prejudice.

IT IS FURTHER ORDERED that this case is STAYED for 60 days or until the Court receives notification that Plaintiff has resolved the issue, not exceeding 60 days.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 25, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2011.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290